UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| **Rita Griffith,** | Civil Action No. 4:21cv172-MPM-JMV |
| Plaintiff; | |
| v. | **SW Gaming's Notice of Removal** |
| **SW Gaming, LLC d/b/a Harlow's Casino Resort & Spa and John Does 1–5,** | |
| Defendant. | |

## INTRODUCTION

According to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant SW Gaming, LLC d/b/a Harlow's Casino Resort & Spa gives notice that it has removed Civil Action No. 76CI1:21-cv-00137 from the Circuit Court of Washington County, Mississippi to the United States District Court for the Northern District of Mississippi, Greenville Division.

Removal is proper because complete diversity between the parties exists, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND OF CIVIL ACTION

On 11/23/21, Plaintiff Rita Griffith filed the following suit against Defendant SW Gaming:

*Rita Griffith v. SW Gaming, LLC d/b/a Harlow's Casino Resort & Spa and John Does 1–5*

Civil Action No. 76CI1:21-cv-00137
Circuit Court of Washington County, Mississippi.

The Complaint alleged that on 12/2/18 Griffith slipped and fell on the premises of Harlow's Casino in Greenville, Mississippi.[1] The summons was issued on 11/23/21, but on information and belief, SW Gaming has never been served. Regardless, removal is timely.

### COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

Griffith's Complaint alleges she is an adult resident citizen of Bolivar County, Mississippi.[2]

Defendant SW Gaming is a limited-liability company whose sole member is HCRH, LLC.

HCRH, LLC is a foreign, limited-liability company organized under Delaware law. Churchill Downs Incorporated is its sole member.

Churchill Downs Incorporated is a foreign corporation organized under the laws of Kentucky with a principal place of business in that state.

For purposes of diversity jurisdiction, SW Gaming is a citizen of Kentucky.

According to 28 U.S.C. § 1332, complete diversity of citizenship exists between Griffith and SW Gaming.

---

[1] Compl. ¶ 6 Ex. 1, Nov. 23, 2021.

[2] Ex. 1 ¶ 1.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75K

On information and belief, Plaintiff sent a pre-suit settlement demand of $200K. Griffith's Complaint requested an unspecified amount of alleged damages; however, Griffith's Complaint described the amount of damages as "tremendous" multiple times.[3] Griffith alleges bodily injuries, pain and suffering, medical expenses, lost wages, loss of enjoyment of life, hedonic damages, disfigurement, and other damages as a result of the incident.[4] She also alleges her injuries are "permanent."[5]

On 12/7/21, SW Gaming sent Griffith an affidavit stipulating that the amount in controversy does not exceed $75K. SW Gaming informed Griffith that if she did not return the executed affidavit by 12/14/21, it would remove the case. Griffith did not return the executed affidavit.[6]

This Court has consistently held the amount in controversy can be established by pre-suit demand letters requesting in excess of $75K.[7] In *Columbus Light & Water Dept. v. UMR, Inc.*, the plaintiff's $98K demand was enough to establish the amount in controversy.[8] In *Love v. Chester's Diesel*, the plaintiff's pre-suit $111K

---

[3]    Ex. 1 ¶¶ 7–8 and pp. 5–6.

[4]    Ex. 1 ¶ 22.

[5]    Ex. 1 ¶ 13.

[6]    Correspondence to Griffith Ex. 2, Dec. 7, 2021.

[7]    *Columbus Light & Water Dep't v. UMR, Inc.*, No. 1:18-cv-00031-GHD-DAS, 2018 U.S. Dist. LEXIS 77466, at *4 (N.D. Miss. May 7, 2018); *Love v. Chester's Diesel, LLC*, No. 4:16-CV-00179-DMB-JMV, 2017 U.S. Dist. LEXIS 52044, at *9 (N.D. Miss. Apr. 5, 2017).

[8]    *Columbus Light & Water Dep't*, 2018 U.S. Dist. LEXIS at *4–5.

demand was enough. This was especially true when considered in combination with the plaintiff's claims for damages including pain and suffering as well as the plaintiff's refusal to stipulate that damages did not exceed $75K.[9] In both cases, this Court held the amount in controversy had been established.

So too here.

Specifically, Griffith: (1) sent a $200K pre-suit demand letter; (2) filed a Complaint for "tremendous" damages including pain and suffering, disfigurement, permanent injuries, and other damages this Court has consistently found to exceed the amount in controversy; and (3) refused to stipulate that her damages do not exceed $75K—despite knowing SW Gaming would use refusal to support removal.

Griffith's $200K pre-suit demand letter, especially in combination with her Complaint and refusal to stipulate to damages less than the jurisdictional amount, shows she seeks damages in excess of the $75K jurisdictional limit. Given the previous, the amount in controversy exceeds $75K.

The Court has original jurisdiction according to 28 U.S.C. § 1332, and the action may be removed under 28 U.S.C. § 1441.

## TIMELINESS OF REMOVAL

Griffith filed her Complaint on 11/23/21.[10] On information and belief, she has not served SW Gaming with a copy of the Complaint.

---

[9] *Love*, 2017 U.S. Dist. LEXIS at *8–10.

[10] Ex. 1.

Removal is timely under 28 U.S.C. § 1446(b)(1).

## VENUE

According to 28 U.S.C. § 104(b)(1), venue properly rests in this Court because the case is being removed from the Circuit Court of Washington County, Mississippi, where Griffith originally filed it.

## COPY OF STATE COURT PROCEEDINGS

Under 28 U.S.C. § 1446(a) and L.U.Civ.R. 5(b), a true and correct copy of the certified record of proceedings from the Circuit Court of Washington County, Mississippi will be timely filed.

## NOTICE TO PLAINTIFF

Consistent with 28 U.S.C. § 1446(d) and the Certificate of Service, Defendant SW Gaming, LLC is providing Griffith with a copy of this Notice of Removal.

## NOTICE TO STATE COURT

Defendant SW Gaming, LLC will file a true and correct copy of this Notice of Removal with the Circuit Court of Washington County, Mississippi and effect removal to this Court according to 28 U.S.C. § 1446(d).

## CONCLUSION

Defendant SW Gaming, LLC respectfully requests that this Court will receive and place on its docket this Notice of Removal and that the Circuit Court of Washington County, Mississippi will proceed no further in this action.

Respectfully submitted,

**Defendant SW Gaming, LLC**

Dated: 12/23/21.

Dale G. Russell (MSB #10837)
Blake D. Smith (MSB #103255)
L. Dillon King (MSB #105700)
COPELAND, COOK, TAYLOR &
BUSH, P.A.
600 Concourse, Suite 200
1076 Highland Colony Parkway
(39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
T+601.856.7200
F+601.856.7626
drussell@cctb.com
bsmith@cctb.com
dking@cctb.com
*Attorneys for Defendant SW Gaming*

## CERTIFICATE OF SERVICE

I, L. Dillon King, certify that on 12/23/21, I electronically filed a true and correct copy of the previous document with the court using the ECF system which sent notification to the following:

Taurean Buchanan
BUCHANAN LAW, PLLC
P.O. Box 12274
Jackson, MS 39236
T+601.918.4345
F+855.918.4345
tbuchanan@buchanan.law
*Attorney for Plaintiff*

s/L. Dillon King
L. Dillon King